```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
           Plaintiff,            )
                                 )
     v.                          )    No. S2-4:06 CR 33 ERW
                                 )                       DDN
ANNETTE MARIE CANANIA,           )
GERALD ROBINSON,                 )
JULIA FRIEND, and                )
LEE WESTFALL,                    )
                                 )
           Defendants.           )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of defendant Gerald Robinson which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on July 14, 2006.

Defendant Gerald Robinson has moved for severance and a separate trial,[1] and for severance of Count 9 from the other counts of the indictment (Doc. 146).

Federal Rule of Criminal Procedure 14 "allows the trial court to order severance even if joinder was proper under Rule 8[]."[2] <u>United</u>

---

[1]At the hearing held on July 14, 2006, the undersigned was advised by counsel for the United States that she expected that defendants Robinson and Canania would go to trial.

[2]Federal Rule of Criminal Procedure 8 provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or

(continued...)

States v. Wadena, 152 F.3d 831, 850 (8th Cir. 1998). "When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Civil Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).

Here, joinder of the defendants is proper under Rule 8(b). In the second superseding indictment, all defendants are charged in Count 1 with conspiracy to unlawfully possess pseudoephedrine between January 2003 and April 7, 2006, having reason to believe it would be used to manufacture methamphetamine. In Counts 2 and 3, defendants Canania and Robinson are charged with unlawfully possessing pseudoephedrine on December 18, 2003, and February 26, 2004, respectively, having reason to believe it would be used to manufacture methamphetamine. In Count 5,[3] Canania and Robinson are charged with possessing a firearm on December 18, 2003, in furtherance of Counts 1 and 2. In Count 7,[4] defendant Robinson is charged with unlawfully possessing pseudoephedrine on February 13, 2006, having reason to believe it would be used to manufacture methamphetamine. And in Count 9, Canania and Robinson are charged with interfering with a witness on April 7, 2006, to cause the witness to withhold testimony from an official proceeding. (Doc. 21.)

---

(...continued)
    offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.
Fed. R. Crim. P. 8.

    Federal Rule of Criminal Procedure 14(a) provides:

    (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

[3]There is no count that is enumerated 4.

[4]Count 6 is charged only against defendant Julia Friend who waived her right to file pretrial motions on July 7, 2006.

The facts and charges alleged against each defendant in the individual, respective counts are factually interrelated with those alleged against all the other charged defendants. See id. at 1526-27 ("indictment in this case sufficiently alleged that the joined defendants and counts were factually interrelated"). Therefore, joinder of the defendants was proper under Rule 8(b).

Whether or not to sever defendants properly joined under Rule 8(b) is within the discretion of the trial judge. Wadena, 152 F.3d at 850. "In a ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003). Severance is only required when the evidence is such that a jury could not be expected to compartmentalize it as it relates to the separate defendants. Id. at 693. The prejudice against a defendant must be "severe or compelling." Id. The court must consider the complexity of the case, if one or more of the defendants was acquitted, and the availability of adequate instructions. Id.

> It is not an abuse of discretion to deny a severance motion when not every joined defendant has participated in every offense charged, [United States v.] Delpit, 94 F.3d [1134,] 1143-44 [(8th Cir. 1996)], when evidence which is admissible only against some defendants may be damaging to others, id., or when there is varying strength in the evidence against each defendant.

United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004), cert. denied, 125 S. Ct. 2962 (2005). There is a strong presumption against severing properly joined defendants, especially in a conspiracy case. United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005), cert. denied, 126 S. Ct. 1403 (2006).

Defendant Robinson argues that he will be unable to call defendant Canania as a witness in a joint trial because of her privilege against self-incrimination. Defendant Robinson must show that it is likely his co-defendant will testify at trial and that her testimony will be exculpatory. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004); United States v. Delpit, 94 F.3d 1134, 1144 (8th Cir. 1996). Defendant Robinson has not shown that he firmly intends to call Canania

at a separate trial and that her testimony will be exculpatory. He argues only that his defense "may be dependant" on the testimony of his co-defendant, and makes conclusory statements that her testimony will be exculpatory. This is not enough; defendant Robinson has made "no specific offer of proof" required to meet his burden. United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986) (no specific offer of proof that co-defendant would testify on his behalf or what exculpatory evidence would be offered).

Defendant Robinson also argues that he and his co-defendant have conflicting defenses. There is a strong presumption against severing properly joined defendants. Noe, 411 F.3d at 886. That certain evidence would be admissible against the other defendant and not him, or that defendants have conflicting defenses, does not justify severance. Lee, 374 F.3d at 646. "The mere fact that . . . one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States v. Garrett, 961 F.2d 743, 746 (8th Cir. 1992).

Further, both defendants are charged with conspiracy in Count 1. "In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006). The trial judge can assess the nature of the evidence actually introduced at trial, the efficacy of cautionary jury instructions to avoid undue prejudice to any defendant, and all the circumstances of the trial. Therefore, defendant's motion to sever himself for a trial separate from defendant Canania should be denied.

Joinder of the offenses in Counts 1, 2, 3, 5, and 7 are proper under Rule 8(a), because, from the face of the indictment, they appear either to be of the same or similar character or are part of a factually interrelated series of actions. United States v. Ruiz, 412 F.3d 871, 886 (8th Cir.), cert. denied, 126 S. Ct. 590 (2005). At this time, there is no evidence suggesting that these counts should be severed under Rule 14(a). Defendant has not shown any real prejudice resulting from a joint trial of all these counts.

However, nothing on the face of the indictment indicates that Count 9, other than the date of the alleged facts, is factually related to the other counts. It is not properly joined under Rule 8(a). Therefore, the undersigned will recommend that Count 9 be severed for a joint trial of defendants Canania and Robinson separate from the trial of the other counts.

Even if Count 9 was properly joined under Rule 8(a), the count should be severed under Rule 14(a), because evidence offered in support of that count would greatly prejudice defendant. Count 9 alleges that defendants Robinson and Canania used intimidation or threats to influence testimony. (Doc. 127 at 5.) The court may sever offenses if the defendant will be severely prejudiced by the joinder of the counts. Wadena, 152 F.3d at 850. Evidence that defendant Robinson threatened a witness would result in prejudice to defendant. The nature of that count is different from the other allegations. The jury might not be able to compartmentalize the evidence of threats to a witness when deciding the facts of the other counts. See United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005).

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Robinson for severance (Doc. 146) be sustained as to Count 9 and in all other respects it should be denied.

The parties are advised they have until July 31, 2006,[5] to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

*/s/ David D. Noce*

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 19, 2006.

---

[5]This is 11 calendar days from July 19, 2006. See Federal Rule of Criminal Procedure 45(a)(2).