```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MISSOURI
                               EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S3-4:06 CR 33 ERW |
| ) | DDN |
| ANNETTE MARIE CANANIA, ) | |
| GERALD ROBINSON, ) | |
| RONALD HARTGE, ) | |
| JULIA FRIEND, and ) | |
| LEE WESTFALL, ) | |
| ) | |
| Defendants. ) | |

**SECOND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of defendant Annette Marie Canania which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on August 29, 2006.

Defendant Canania has moved to sever defendants (Doc. 184). Remaining for trial are movant and co-defendant Gerald Robinson.[1] In the third superseding indictment, Robinson and Canania are jointly charged in Count 1 with conspiracy, between January 2003 to April 7, 2006, to unlawfully possess pseudoephedrine; both are charged in Counts 2 and 3 with the unlawful possession of pseudoephedrine on December 18, 2003, and February 26, 2004, respectively; both are charged in Count 5 with possession of a firearm in furtherance of Counts 1 and 2; Robinson alone is charged in Count 7 with the unlawful possession of pseudoephedrine on February 13, 2006; and both are charged in Count 9 with tampering with a witness to Counts 1, 7, and 8.

In support of her motion to sever, defendant Canania argues that the government's evidence as to Count 9 is a statement made by co-defendant Robinson. She argues that this statement is inadmissible

---

[1] On April 6, 2006, defendant Ronald Hartge pled guilty. Doc. 71. On August 10, 2006, defendants Julia Friend and Lee Westfall pled guilty. Docs. 171, 174.

against her and would not be admitted into evidence in a separate trial. Further, she argues that, if Robinson's statement is admitted against her, she will be deprived of her right to confront this evidence if he does not testify at a joint trial.

The motion to sever should be denied. If the suggested evidence, Robinson's statement, is admissible only against him, the court can protect Canania's rights by a cautionary instruction or by redacting any mention of her. If the statement is admissible against her, e.g., as a statement of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), and if it is non-testimonial in nature (e.g., given in response to police questioning, see Crawford v. Washington, 541 U.S. 36, 53 n.4 (2004)), and supported by a "firmly rooted" exception to the hearsay rule, Ohio v. Roberts, 448 U.S. 56, 66 (1980), such as are statements of co-conspirators, Bourjaily v. United States, 483 U.S. 171 (1987), its admission against defendant Canania does not violate the Confrontation Clause. Crawford, 541 U.S. at 68.

Whereupon,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Canania to sever defendants (Doc. 184) be denied.

The parties are advised they have until September 11, 2006,[2] to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 30, 2006.

---

[2]This is 11 calendar days from August 30, 2006. See Federal Rule of Criminal Procedure 45(a)(2).